## DARLING v. WEST ET UX.

1. **Practice:** VERDICT: FAILURE TO ANSWER INTERROGATORIES. Where the jury returned a general verdict and in response to certain special interrogatories as to material facts answered that they "did not know," *held* that a motion for a new trial should have been sustained.

*Appeal from Pottawattamie Circuit Court.*

THURSDAY, JUNE 5.

THE plaintiff claims title to a certain forty acres of land by virtue of a sheriff's deed, executed August 8, 1877, and prays judgment for the immediate possession thereof. The defendants for answer allege that the defendant George West is, and for fifteen years has been, the head of a family, and the defendant Susan West for the time mentioned·has been the wife of George West; that the real property described in the petition is and for eight years. last past has been the defendant's homestead; that for six years prior to the purchase of said real estate as a homestead defendants were the·owners of a homestead, on which they resided, in Harrison county; that in the year 1868 defendants sold their homestead in Harrison county, and, with the identical money received from said sale, about the month of July, 1869, they purchased the homestead on which they have ever since resided; that during the past fifteen years they have neither owned nor occupied any other homestead, except the one in Harrison county, and their present ˙homestead; that on the 1st of August, 1876, the defendant George West selected as his homestead the real estate described in plaintiff's petition, and caused the same to ·be marked out, platted and recorded, as required by sections 1998 and 1999 of the Code.

Plaintiff for reply alleges that the premises in controversy were purchased by plaintiff at an execution sale, August 7, 1876; that the indebtedness for the satisfaction of which said

execution sale was had was contracted by the defendant George West on or about the 1st day of April, 1869, at which time the defendant George West did not own any homestead, but his assets consisted of money, notes, mortgages, choses in action and personal property to a large amount, and that credit was given to him, and said indebtedness was contracted by him, on the strength of his ownership of such assets, all subject to execution, the persons extending such credit believing and relying upon the fact that the defendants could have no homestead exemption as against said indebtedness; that the defendants, prior to and at the time of said execution sale, represented to plaintiff, his agents and attorneys, and knowingly caused and permitted them to believe, that the defendants had and were entitled to no homestead exemption as against said indebtedness, and that their homestead right accrued in August, 1869; and the plaintiff, relying upon said representations and belief, bid and paid for said property the sum of fifteen hundred dollars. The cause was tried to a jury. The defendants introduced evidence tending to sustain all the allegations of their answer. The jury returned a general verdict for the defendant, and the following special findings:

1. Did the defendant George West, with his family, prior to the purchase and occupancy of the homestead in dispute, own and occupy a homestead in Harrison county, this State?

*Answer.* Yes.

2. When did defendant sell his homestead in Harrison county?

*Ans.* In September, 1868.

3. Did he sell the homestead in Harrison county with the intention of investing the proceeds or a part thereof in a new homestead?

*Ans.* Yes.

4. Did the defendant actually purchase the new homestead and the one now in dispute with the proceeds of the sale of the former one in Harrison county?

Darling v. West.

*Ans.* Yes, with a part thereof.

5. Did the defendant West pay for the premises in controversy, together with other lands, out of the proceeds of a sale of about six hundred acres of land sold by him at a gross sale in 1868, for about fifteen thousand dollars?

*Ans.* Yes.

6. Did the defendant George West, after the sale of said land referred to in the last question, use the proceeds derived therefrom, or a part thereof, for purposes of speculation?

*Ans.* Yes, a part thereof.

7. Was any portion of the fifteen thousand dollars derived by West from the sale of lands in September, 1868, set and kept apart as a separate fund for the purchase of a new homestead?

*Ans.* Yes.

8. Did the defendants own or occupy any homestead at the date when the indebtedness, for the satisfaction of which the premises in controversy were sold, was contracted by the defendant George West?

*Ans.* No.

9. When did defendants begin to occupy the real estate in controversy as a homestead?

*Ans.* July, 1869.

10. When did the defendant contract the debt upon which judgment was obtained, and upon which execution issued and his homestead was sold to the plaintiff?

*Ans.* In April, 1869.

11. Did the defendant acquire credit from the plaintiffs in execution on any representation made by him that he had abandoned his homestead, or that he did not intend to claim any homestead?

*Ans.* No.

12. Did H. E. Harper and T. A. Darling & Co. have any knowledge, when the indebtedness to them was contracted, that it was the intention of the defendant George West to invest any portion of his means in a homestead?

*Ans.* We do not know.

13. Did the defendant, by means of the homestead selection which has been introduced in evidence, executed by the defendant George West, under date of August 1, 1876, and recorded in the records of this county, and by means of other representations made to plaintiff, or his agents or attorneys, cause plaintiff to believe that their homestead right accrued in August, 1869?

*Ans.* We do not know.

14. Did the plaintiff make his bid of one thousand dollars, at the sheriff's sale, relying upon the belief that defendant's homestead right accrued in August, 1869?

*Ans.* We do not know.

The plaintiff's motion for new trial was overruled, and judgment was rendered for the defendant on the verdict. The plaintiff appeals.

*Clinton, Hart & Brewer,* for appellant.

*Davis & Sims,* for appellees.

DAY, J.—It appears from the special findings that the defendants owned a homestead in Harrison county, which they

1. PRACTICE: verdict: failure to answer interrogatories.

sold in September, 1868; that they set apart a portion of the proceeds for the purchase of a new homestead, and that in July, 1869, with a part of the proceeds of the sale of the homestead in Harrison county they purchased the homestead in question. Intermediate the date of the sale of the old and the acquisition of the new homestead, in April, 1869, the debt in question was contracted. The reply alleges that the defendant, prior to and at the date of the execution sale, represented to the plaintiff, his agents and attorneys, and knowingly caused and permitted them to believe, that the defendants had and were entitled to no homestead exemption as against said indebtedness, and that their homestead right accrued in August, 1869, and that the plaintiffs, relying upon said representa-

Darling v. West.

tions and belief, bid and paid for said property the sum of fifteen hundred dollars. The defendants introduced in evidence a homestead selection, executed and filed for record August 1, 1876, in which the defendant George West claims the property in controversy as his homestead, and states that he has continually resided upon and occupied said land with his family as a homestead for the seven years last past. It was thus, as appears from the pleadings, made a distinct issue as to whether the defendants did by their representations cause plaintiff to believe that their homestead right accrued in August, 1869, a date subsequent to the contracting of the debt to plaintiff.

The plaintiff submitted to the jury two questions for special findings, as follows:

"Did the defendant, by means of the homestead selection which has been introduced in evidence, executed by the defendant George West, under date of August 1, 1876, and recorded in the records of this county, and by means of other representations made to plaintiff or his agents or attorneys, cause plaintiff to believe that their homestead right accrued in August, 1869?

"Did the plaintiff make his bid of one thousand dollars, at the sheriff's sale, relying upon the belief that defendant's homestead right accrued in August, 1869?"

Under the issues these questions were pertinent and material. In order to reach a general verdict the jury should have been able to answer these questions either in the affirmative or in the negative. Yet the jury have returned a general verdict for the defendants, and in answer to both of these questions they have said: "We do not know."

One of the grounds of the motion for a new trial is as follows: "It appears, from the answers returned by the jury to the thirteenth and fourteenth questions submitted for special findings, that the jury found their general verdict without passing upon material issues presented by plaintiff's reply, upon which issues evidence was submitted upon the trial."

We think this ground of the motion for a new trial should have been sustained. We do not see how a general verdict can be upheld while the jury admit that they have no knowledge as to matters which are material to the determination. Some evidence was introduced upon the subject of these special interrogatories. If the jury considered it insufficient to justify them in answering these interrogatories in the affirmative, they should have answered them in the negative. Not having determined these questions either way, they could not understandingly bring in a general verdict.

In the cases relied upon by the appellee (*Dively v. City of Cedar Falls*, 27 Iowa, 227 (231), and *Garretty v. Brazell*, 34 Iowa, 104) the special interrogatories do not seem to materially affect the result. In the other case cited by appellee—*Mershon v. The National Ins. Co.*, 34 Iowa, 87 (90)—there was no failure to answer interrogatories, and the question was upon the right to judgment on the special findings in opposition to the general verdict. For the error discussed the judgment must be

REVERSED.