## Central Union Telephone Company v. Sokola, Administrator.

[No. 4,951.    Filed January 11, 1905.]

1. Appeal and Error.—*Joint Assignment.*—Where instructions are jointly alleged to be erroneous, if any one is good, no error is presented.  p. 431.

2. Trial.—*Allegations of Complaint.*—*Evidence to Support.*—Where a complaint contains unnecessary allegations, it is not necessary to

Central Union Tel. Co. *v.* Sokola.

prove same, but it is necessary only to "establish the substance of the issue."    p. 434.

3.  TRIAL.—*Notice of Defect.—Proof of Constructive Notice.*—Where the complaint alleges that defendant was notified of certain defects five months prior to the injury complained of, and the proof shows constructive notice for such time, it is sufficient.    p. 434.

4.  NEGLIGENCE.—*Maintaining Dangerous Telephone Wires.—Private Property.*—Where defendant was killed by electricity received by his coming in contact with a telephone wire, which lay across a charged and uninsulated electric light wire,, the fact that such wire was on private property does not preclude recovery, where it is shown that plaintiff had a right to be on such property.    p. 434.

5.  TRIAL.—*Interrogatories.—Conflict With General Verdict.*—Where there was evidence that a telephone wire broke and fell and lay on an electric light wire from October 3 until October 30, and in answer to an interrogatory the jury said that the telephone wire came in contact with the electric light wire the night of October 29, there is not necessarily a conflict, since the telephone wire may have lain across the insulation of the electric light wire and did not come in contact with the wire itself.    p. 435.

6.  NEGLIGENCE.—*Telephone Wires.—Contact with Electric.—Concurrent Causes.*—Where a telephone company allows its wires to become broken and lie across electric wires heavily charged with electricity, it is negligent, and is liable to anyone using ordinary care who is injured thereby, and the fact that a not unusual storm occurs and is a concurrent cause of such injuries does not relieve such company.    p. 436.

7.  SAME.—*Apprehended Result.*—It is not necessary in a case of negligence that the exact injury be anticipated, but it is sufficient if it could be reasonably expected that injury might occur thereby to some person in exercising his legal rights in an ordinarily prudent manner.    p. 437.

8.  SAME.—*Contributory.*—Whether decedent knew or should have known that a hanging broken telephone wire was charged with a deadly current of electricity by being in contact with an electric light wire was a question for the jury.    p. 437.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Peter Sokola, as administrator of the estate of Anton Sczmankowski, deceased, against the Central Union Telephone Company and the South Bend Electric Company.    From a judgment for defendant South Bend Electric Company and for plaintiff on a verdict for $6,000

against the Central Union Telephone Company, the telephone company appeals.  *Affirmed.*

*Roscoe E. Hawkins, Horace E. Smith* and *Gaylord R. Hawkins,* for appellant.

*George G. Feldman,* for appellee.

ROBINSON, P. J.—Suit by appellee, as administrator, against appellant and the South Bend Electric Company for damages for the death of Anton Sczmankowski as the result of an electric shock from the wires of appellant and the electric company.  Upon issues formed, the jury returned a verdict against appellant telephone company, and over a motion for a new trial judgment was rendered on the verdict.  The errors assigned, (1) and (2), question the sufficiency of the complaint; (3) overruling the motion for a new trial.

The only questions argued by counsel are those arising under the third assignment of error.  A new trial was asked upon the grounds: (1) and (2) The verdict is not sustained by sufficient evidence, and is contrary to law; "(3) the court erred in giving instructions numbered 3, 4, 5, 6, 7, 8, 9, 11 and 13 on its own motion; (4) the court erred in giving instructions numbered 3, 4 and 6 asked by defendant South Bend Electric. Company; (5) the court erred in refusing to give instructions numbered 1, 2, 3, 3½, 5, 7, 10, 11, 12 and 14 asked by defendant Central Union Telephone Company."

1.  Some confusion exists in the record, due perhaps to the fact that counsel for appellant, who have briefed and argued the case in this court, were not present at the trial in the court below.  The instructions have been brought into the record under the act approved March 9, 1903 (Acts 1903, p. 338, §1).  As it is not claimed in argument, and could not be successfully claimed, that all the instructions mentioned in the third ground for a new trial are erroneous, the question as to whether any particuar one of the instruc-

tions was correct is not presented. The same may be said
of the fourth ground for a new trial. In each case the in-
structions enumerated are jointly questioned. *Young* v.
*Montgomery* (1903), 161 Ind. 68; *Jones* v. *State* (1903),
160 Ind. 537; *Lautman* v. *Pepin* (1901), 26 Ind. App.
427. Neither is it claimed that all the instructions refused
are correct, as the assignment of the court's refusal to give
the instructions requested was joint as to all the instruc-
tions refused, the fifth cause for a new trial presents no
available error. *Crawford* v. *State* (1901), 155 Ind. 692.

It is argued that the verdict is not sustained by sufficient
evidence. The complaint avers that the South Bend Elec-
tric Company maintained, on poles about twenty feet high,
across certain lands, certain wires for conducting electricity
for lighting purposes, and conducted over these wires a
high, deadly voltage of electricity; that in September, 1897,
appellant constructed a line of two wires, which crossed at
right angles the wires of the electric company; "that the de-
fendant Central Union Telephone Company negligently
erected its wires over and across the wires of defendant
South Bend Electric Company as aforesaid, with uninsu-
lated wires, and without guards to prevent the wires of de-
fendant telephone company from coming in contact with
the wires of defendant electric company; that defendant
telephone company so negligently maintained its said wires
and negligently suffered them to remain so until the acci-
dent as hereinafter alleged; that from and after the 27th
day of November, 1901, the said wires erected by the de-
fendant telephone company as aforesaid were not used by it
to supply telephone service as aforesaid, but it negligently
retained them, and suffered them to remain on the poles as
aforesaid for no use or purpose;" that from May, 1902, un-
til the date of the accident there were daily a great number
of laborers and workmen at work erecting a dwelling about
fifty feet south of the crossing of the wires, all of which
facts appellant knew; that during this time appellant neg-

ligently permitted these unused wires "to become and re-
main loose from the poles and sag and break and come in
contact with" the wires of the electric company, "and drop
to the ground, and refused and neglected to remove them,
although notified so to do five months before the accident;"
that on "the 30th day of October, 1902, and for a long time
prior to said date, the defendants negligently suffered and
permitted their wires to be and remain crossed as aforesaid,
uninsulated or with defective insulation, without guards to
prevent them from coming together, and out of repair, as
aforesaid, and defendants negligently permitted the said
telephone company's wire to break and drop on and across
the said electric company's high-voltage wire, and drop and
sag to the ground, in negligent and reckless disregard of the
safety of the persons rightfully upon said premises;" that
on the 30th day of October, 1902, while appellee's decedent
was engaged as a laborer about and upon the erection of
such dwelling, "the defendants then and there negligently
suffered the said defendant Central Union Telephone Com-
pany's wire, which was uninsulated, to hang across and
come in contact with the defectively insulated and high-volt-
age wire of the defendant South Bend Electric Company,
and in such position and contact suffering it to sag and drop
to within two feet of the ground, where he was at work as
aforesaid, and because of the negligent acts and omissions,
in the erection and maintenance of defendants' wires by
them as aforesaid, he, said decedent, then and there came
in contact with said defendant Central Union Telephone
Company's uninsulated wire, which was then and there
highly charged with a deadly voltage of electricity by and
from the electric company's high-voltage wire as aforesaid;
that because of the negligent acts and omissions of the de-
fendants as aforesaid" a deadly voltage of electricity was, by
his coming in contact with such wire, conducted by appel-
lant's wires as aforesaid through the body of decedent, caus-

ing instant death; that decedent at the time of the injury was ignorant of the condition of the wires and of the nature, force and conduction of electricity.

2. We do not think it can be said that the complaint proceeds entirely upon the theory that appellant had actual notice of the condition of the wires, and that proof of constructive notice would not support the pleading. The complaint contains some unnecessary averments, and some acts of negligence are perhaps charged which it would not be necessary to prove. In such case it is necessary that a plaintiff "establish the substance of the issue." *Long* v. *Doxey* (1875), 50 Ind. 385; *Owen* v. *Phillips* (1881), 73 Ind. 284; *Phoenix, etc., Ins. Co.* v. *Hinesley* (1881), 75 Ind. 1. The complaint, taking all its material averments together, proceeds upon the theory that appellant suffered and permitted its line and wire to become out of repair and in a dangerous condition, and to remain in this dangerous condition for a time sufficiently long that the law charges the company with notice. See *City of Indianapolis* v. *Tansel* (1901), 157 Ind. 463.

3. It is averred that appellant was notified five months before the injury to remove the wires, but, if the proof fails to show such actual notice, but does show that the wires were maintained in a dangerous condition for such length of time, as averred in the pleading, the law charges appellant with notice.

4. Nor is it material whether the proof shows that appellant had actual knowledge that there were daily a number of laborers at work near the place where the wires were suffered to remain crossed. It is true it was upon private property, but it was a place where people had a right to go, and where they were liable to go. There is reason in such cases for making some distinction between liability for injuries to persons on private property and liability for injuries to persons using a public street. But if the person injured is not a trespasser, and has a right to be where he is

when injured, the duty must extend to him to maintain the wires in a safe condition, although the wires are maintained by the company across private property. Keasby, Electric Wires (2d ed.), §247.

5.   It appears that when the telephone wires were put up they went from a pole in a public street north upon two other poles, the second of which was about ninety feet north of the point where they crossed the electric wires. The first pole north of the street was removed when work was begun on the dwelling in May. At that time one of the telephone wires broke, and was removed. The other wire was left, and was fastened to the pole in the street and to the pole north of the crossing of the wires, the two poles being about 375 feet apart. About the 3d of October this wire broke at a point a little to the south of the building that was being erected, and was thrown off of the building by a workman, to the north, and was suspended in an elm tree north of the building. The jury found that it broke by its own weight. There is evidence that it was lying across the electric light wires from that time up to the time of the injury. The electric light wires were insulated. In answer to interrogatories the jury say that the night before the decedent's death there was a storm of wind and rain which dragged the broken wire through the elm tree and brought it into contact with the electric light wires, and that the telephone wire was not in contact with the electric light wires until the night before or the morning of decedent's death. But this is not necessarily equivalent to a finding that the evidence that the broken wire had lain across the electric light wires for three or four weeks was untrue. The insulation around the electric wires may have prevented the bare wires from coming in contact with each other until during the storm, and there is evidence that, if the telephone wire was grounded, and it was raining, and the ground wet, it would not take long for the electricity to burn through the insulation. The answer of the jury is not nec-

essarily a finding that the telephone wire had not lain across the electric light wire until the night before or the morning of the injury.

6. It is argued that the record discloses that it was the force of the storm that was the immediate and proximate cause of the wires coming down and into contact with the electric light wires. But it does not appear that the storm was unprecedented, or that it was any more severe or violent than should reasonably be expected in that locality. There is evidence from which the jury could say that appellant was negligent in permitting the wires to remain in the condition they were before the night of the storm. It is true these telephone wires were not in use, but they were the property of appellant, and the duty to maintain them in a safe condition was not different from the case of wires in actual use. If appellant permitted its wire to become broken and lie across the highly-charged electric light wire, it was guilty of a want of ordinary care. It would have reasonable ground to apprehend that electricity might be conducted over its wire. It is true the storm concurred to produce the injury, but appellant's prior negligence contributed to the injury, and this negligence can not be said to be a remote cause, for the reason that whatever it did contribute it contributed at the time and place of the injury. The intervening storm and the defective condition of the wires were concurrent causes of the injury, and were both present and active in the result. See *Board, etc.,* v. *Mutchler* (1894), 137 Ind. 140; *City of Mt. Vernon* v. *Hoehn* (1899), 22 Ind. App. 282; *Jackson* v. *Wisconsin Tel. Co.* (1894), 88 Wis. 243, 60 N. W. 430, 26 L. R. A. 101; *Knouff* v. *City of Logansport* (1901), 26 Ind. App. 202, 84 Am. St. 292; *Louisville, etc., R. Co.* v. *Nolan* (1893), 135 Ind. 60; *Boyd* v. *Portland Electric Co.* (1902), 40 Ore. 126, 66 Pac. 576, 57 L. R. A. 619; *Griffith* v. *New England Tel., etc., Co.* (1900), 72 Vt. 441, 48 Atl. 643, 52 L. R. A. 919; Joyce, Electric Law, §453; *Southwestern Tel., etc.,*

*Co.* v. *Robinson* (1892), 50 Fed. 810, 1 C. C. A. 684, 16 L. R. A. 545; *Mitchell* v. *Charleston Light, etc., Co.* (1895), 45 S. C. 146, 22 S. E. 767, 31 L. R. A. 577; *Giraudi* v. *Electric Improv. Co.* (1895), 107 Cal. 120, 40 Pac. 108, 28 L. R. A. 596, 48 Am. St. 114.

7.   It is true the mere breaking of the wire did not establish negligence, but the negligence here charged is permitting the wire to remain in a dangerous condition after it was broken.   Nor can there be a liability for an accident that could not be reasonably anticipated.   "It is, indeed, not necesary," said the court in *Ohio, etc., R. Co.* v. *Trowbridge* (1890), 126 Ind. 391, "that the precise injury which, in fact, did occur, should have been foreseen; it is sufficient if it was to be reasonably expected that injury might occur to some person engaged in exercising a legal right in an ordinarily careful manner."

8.   The decedent may have known of the existence and the presence of the wire at and before the time he came in contact with it, but it does not necessarily follow that he knew it was dangerous.   See *Giraudi* v. *Electric Improv. Co., supra.*   The jury find that he had no knowledge that it was dangerous to come in contact with a wire charged with electricity, and whether he had knowledge that the wire was charged was a fact to be considered by the jury in determining the question of his negligence in coming in contact with the wire.   We find nothing in the record authorizing us to interfere with the jury's finding.

Judgment affirmed.