SAMUEL CONNELL, Administrator of the Estate of William
   Connell, Deceased, v. THE KEOKUK ELECTRIC RAILWAY
   & POWER Co., Appellant.

**Negligence:** INSTRUCTIONS: SPECIAL FINDINGS. In an action for
1  the death of one caused by the negligent maintenance of an
   electric light wire over defendant's own premises, in which the
   court instructed as to what constituted a trespasser, a licensee
   by sufferance and by express or implied invitation, but made
   no other reference to decedent's right to be on the premises,
   a special finding of the jury that decedent was not rightfully
   on the premises when injured was equivalent to a finding that
   he was a mere licnesee by sufferance.

**Negligence:** LICENSEE. The owner of private premises over which
2  others are not accustomed to pass is not required to keep
   them in a safe condition for the benefit of a bare licensee.

**Special findings:** MOTION FOR JUDGMENT: GENERAL VERDICT. In rul-
3  ing upon a motion for judgment on special findings notwith-
   standing the general verdict the court is not bound by its
   instructions to the jury, but should determine the question
   according to the law; however the general verdict will con-
   trol on any issue properly submitted and not covered by the
   special findings.

**Negligence:** ELECTRIC WIRES: LICENSEES. The owner of premises
4  negligently maintaining electric wires over the same is liable
   for the death of a bare licensee or trespasser coming in con-
   tact therewith, where it appears that the public was accus-
   tomed to cross the premises and the owner can be reason-
   ably charged with knowledge of that fact.

**Judgment against general verdict.** Failure to answer special in-
5  terrogatories material to the conclusions reached in the gen-
   eral verdict is not ground for judgment notwithstanding the
   verdict.

*Appeal from Lee District Court.*— HON. HENRY BANK, JR.,
                    Judge.

TUESDAY, OCTOBER 16, 1906.

Action to recover damages caused to the estate of William Connell, deceased, by reason of his death, alleged to have been due to his coming in contact with a wire, which was being used and maintained by the defendant for the transmission of electricity for power and lighting purposes, charged with a very high and dangerous voltage, and negligently allowed by defendant to be without insulation at the place where the accident occurred, and to sag so low at that place that persons were likely to come in contact with it. Upon the issues arising by a denial of the material allegations of the petition, there was a trial to a jury, and verdict for plaintiff. Defendant's motion for judgment notwithstanding the verdict on the special findings of the jury having been overruled, and judgment entered on the verdict for plaintiff, defendant appeals.— Affirmed.

*Hollingsworth & Blood,* for appellant.

*Hughes & Sawyer,* for appellee.

McClain, C. J.— The facts which the evidence tended to establish, so far as material for the determination of the errors relied upon, are as follows:   The scene of the accident was an uninclosed and unimproved tract of rough land, covered with trees, brush, and weeds, belonging to one Hubinger, constituting a portion of the premises occupied by him as a residence, and extending from a fence or wall, which constituted the boundary between the improved and the unimproved portions of his tract, to the river.   Over this portion of Hubinger's property, the defendant was maintaining its electric light and power wires, supported on poles, the wires being in general insulated.   Deceased, a boy of fourteen years of age, with two companions a few years older, went upon this uninclosed and unimproved portion of Hubinger's premises to get some zinc which had been thrown away, in order that they might sell it for junk.   De-

ceased in some way came in contact with defendant's wire where it had been allowed to sag and where the insulation had been worn off, apparently by contact with a tree, and was instantly killed by the shock. The evidence tended to show that there were some paths running in various directions across this unimproved portion of Hubinger's property, along which persons were in the habit of passing. It may fairly be said to have been a question for the jury, under the evidence, whether Hubinger had to such an extent forbidden and tried to prevent people crossing there as that deceased and his companions going on the land without express permission were to be considered trespassers, or whether they were bare licensees, or licensees by implied invitation. It is not contended that deceased and his companions had been directly forbidden to come upon the premises. The assigned errors argued for appellant relate to certain special findings of the jury bearing on the questions whether deceased was so far a trespasser and without right at the place where the accident occurred that the defendant owed him no duty, and whether there is any evidence that the negligence of the defendant in allowing its wire to sag and become uninsulated at the place of the accident was the proximate cause of decedent's death.

The evidence tended to show that the portion of Hubinger's premises on which the accident occurred was so far generally used by the public that the defendant was bound to anticipate danger to some one from allowing its wire without proper insulation to sag so that persons thus using the premises were in danger of coming in contact with it and receiving injury, and the court instructed the jury that, if it was found from a preponderance of the evidence that the place where the injury occurred was so resorted to by persons generally, of which fact defendant's servants had knowledge or should have had knowledge under the circumstances, then it was the duty of defendant through its servants to exercise ordinary care and diligence to prevent such danger, and the

failure to exercise such care and diligence would constitute negligence on the part of the defendant.  As to the correctness of this instruction or the sufficiency of the evidence to support a verdict based on the negligence of the defendant, no complaint is made.  But. it is contended for appellant that in answers to interrogatories submitted to them the jury specially found deceased to have been on the premises without right.  These findings so far as material to this question were as follows:

' Int. 8.  Did William Connell have the consent of the owner or occupant of the land where the alleged injury occurred, to go upon said land at said time?  A.  No.  Int. 9.  Was William Connell at the time and place of said accident on premises where he had a right to be?  A.  No. . . .  Int. 11.  Did J. C. Hubinger prior to, and including the time of, the accident forbid persons from entering upon the land where the alleged injury occurred? A.  Yes. . . .  Int. 14.  Was the place where the alleged injury occurred public or private at said time?  A. Private.  Int. 15.  Was William Connell invited to go upon said land at the place where said injury occurred at the time of same?  A.  No.

In determning the legal effect of these findings, it is proper to take into consideration the instructions in which the jury were told, after being properly instructed with reference to defendant's negligence as already indicated, that a trespasser is one who enters upon the land of another without the consent, either express or implied, of the owner or occupier thereof, but persons entering such land with the implied consent of the owner or occupier would not be regarded as trespassers; that if the public generally went upon the premises in question without objection on the part of the owner, and this was generally known, then persons enter· ing upon such premises could not be regarded as trespassers or wrongdoers, by merely so entering; that, if it should be found that Hubinger forbade people entering upon his

premises, then persons entering against his objection must be regarded as trespassers; and that, if deceased knew that he was going upon said premises against the objections of the said Hubinger, he was a trespasser at the time and place of the injury, and plaintiff could not recover.

It is to be noticed that there is no direct finding as to whether or not deceased was a trespasser under these instructions, and perhaps the finding that deceased did not have the consent of the owner or occupant to go upon the land, that Hubinger had forbidden persons from going there, and that the premises were private, would not conclusively show that deceased was a trespasser, for there is no specific finding as to implied consent. Under the evidence the jury might have found that, while Hubinger in some instances forbade people coming upon the premises, the practice of crossing without express permission but without specific objection was so general that deceased might have been justified in assuming an implied consent. But the court further instructed the jury as follows:

A license to go upon the land of another may be by an invitation either express or implied, or one may be licensed simply by the permission or consent of the owner of land to pass over same. A licensee by express invitation is one who is directly invited by the owner of the land to enter upon it, and such person is rightfully upon such land. A licensee by implied invitation is one who has been invited to enter upon the land either by the owner or occupier of the same by some affirmative act done by such owner or occupant, or by appearances which justify persons generally in believing that such owner or occupant had given his consent to the public generally to enter upon or to cross over his premises, and while such licensee is acting within the scope and limit of such implied invitation he has the lawful right to be where he is so invited. A bare licensee is one who enters upon the land of another simply without objection of the owner, or by sufferance of the owner or occupier, whether such land be inclosed or uninclosed. Such bare licensee enters the land at his own risk, and if, while on said

land, such bare licensee be injured by the negligence of the owner or occupant of said land he has no right to recover. And, if the jury find from a preponderance of the evidence that the said William Connell, deceased, while upon the premises in question, was a bare licensee under the law as defined in the instructions given you by the court, then, if you so find, your verdict should be for the defendant.

It is to be noticed that, while the instruction previously described related to the question whether deceased was a trespasser, and the effect of the finding that he was such trespasser, this last instruction related to the question of license, and the jury were told that, if deceased was upon the premises as a licensee by express or implied invitation, he was rightfully upon the land, and inferentially was entitled to recover for injury by the negligence of defendant, while, if he was a bare licensee simply entering without objection or by sufferance, and without express or implied invitation, then he had no right to recover. Under this instruction it was material to determine whether deceased had a right to be where he was when injured, or whether he was there merely without objection or by sufferance; and the ninth specific finding is that at the time and place of the accident deceased was not on premises where he had a right to be. In the light of the instructions this must be regarded as a specific finding that he was a bare licensee, for in no other connection did the court refer to the question of decedent's right to be where he was.

1. NEGLIGENCE: instructions: special findings.

We have, then, this situation: The jury has not specially found whether or not deceased was a trespasser, but it has found that he was not a licensee by express or implied invitation, and, therefore, if the special findings alone are to be considered, he is necessarily found to have been a bare licensee. If the instructions were binding upon the trial court in passing upon the motion for judgment notwithstanding the verdict, then the motion

2. NEGLIGENCE: licenses.

was improperly overruled, for the court had explicitly told
the jury that if deceased was a bare licensee he could not
recover. And the rule of the instruction has support in
cases relating to the liability of the owner of private premises
for dangerous conditions causing injury to a trespasser or
mere licensee. The general rule is thus stated in 1 Thompson, Negligence, section 946: "The owner of private
grounds is under no obligation to keep them in a safe condition for the benefit of trespassers, intruders, idlers, bare
licensees, or others who go upon them, not by any invitation,
express or implied, but for their own purposes, their pleasure, or to gratify their curiosity, however innocent or laudable their purpose may be." This rule has been supported
and illustrated in the following cases: *Pittsburg, Ft. W. &
C. R. Co. v. Bingham,* 29 Ohio St. 364; *Lary v. Cleveland,
C., C. & I. R. Co.,* 78 Ind. 323 (41 Am. Rep. 572); *Severy
v. Nickerson,* 120 Mass. 306 (21 Am. Rep. 514); *Cumberland T. & T. Co. v. Martin's Adm'r,* 25 Ky. Law 787 (76
S. W. 394, 63 L. R. A. 469). But, if this general rule is
not applicable to the case before us, then the erroneous
instruction of the trial court that plaintiff could not recover
was not binding upon it in ruling on a motion for a directed
verdict, and, if there was any basis on which the general
verdict for the plaintiff could be predicated, the court
properly overruled such motion.

That the rule requiring the granting of a new trial
where the jury has failed in its general verdict to reach the
conclusion made necessary by applying to its special findings
of fact the rules of law laid down in the instructions is not applicable in ruling on a
motion for judgment notwithstanding the verdict, seems to be well settled. In granting a new trial, the
court simply enables the complaining party to have his case
submitted to the jury under admissible evidence or correct
instructions, but, in rendering a judgment notwithstanding
the verdict, the court cuts off any opportunity to cure the

3. SPECIAL FINDINGS: motion for judgment: general verdict.

error in the instructions or to obviate the deficiencies in the pleadings or the evidence complained of.    The rule as announced by us is that, " When a court is called upon to rule upon a motion for judgment on a special verdict, it is free to consider, and should consider, what the law is, and is not bound by its instructions previously given to the jury." *Baird v. Chicago, R. I. & P. Ry. Co.,* 61 Iowa, 359, 363. And see *Evans v. St. Paul Harvester Works,* 63 Iowa, 204. Therefore the action of the court in overruling the motion for judgment notwithstanding the verdict, on account of the special finding that deceased was not rightfully at the place where the accident occurred, should not be reversed unless such finding is necessarily controlling as to plaintiff's right to recover.    The general verdict is controlling as to any issue of fact, properly submitted to the jury, not covered by the special findings.    *Schulte v. Chicago, M. & St. P. R. Co.,* 114 Iowa, 89.

. There was evidence that persons were in the habit of going across Hubinger's premises near the place where defendant allowed its uninsulated wire to sag in such a way that the safety of such persons was imperiled by it; and we do not think that the question whether such persons were, as to Hubinger, trespassers or bare licensees, on the one hand, or were rightfully on Hubinger's premises on the other, was conclusive as to defendant's liability.    The controlling consideration in determining defendant's liability is whether defendant was reasonably chargeable with knowledge that persons were likely to come in contact with its dangerous wire, and might, in the exercise of reasonable care, have avoided such danger. *Daltry v. Media Electric Light, etc., Co.,* 208 Pa. 414 (57 Atl. 833); *Central Union Telegraph Co. v. Sokola,* 34 Ind. App. 429 (73 N. E. 143).    Even as to trespassers, the defendant was charged with the duty of not willfully or wantonly imperiling their safety, and to constitute such wantonness and indifference as to their safety as to render the defend-

4. NEGLIGENCE: electric wires: licenses.

ant liable, it is not necessary that there should have been a design or intention to do them injury. *Ambroze v. Cedar Rapids Electric Light & Power Co.,* 131 Iowa 336. There was evidence from which the jury might have found that defendant knew of the dangerous condition of its wire, and knew that persons were in the habit of going near the place of such danger, and, in support of the verdict, we are justified in assuming that the jury predicated its verdict against the defendant on this evidence. There is nothing in the special findings to negative such conclusion on the part of the jury, and, in support of the verdict, we may properly assume that the general verdict was based on such evidence.

It is contended for appellant that the jury failed to find in answer to special interrogatories facts material to the conclusion reached in their general verdict. If the motion had 5. JUDGMENT been for a new trial, this might be a good AGAINST GEN-ERAL VERDICT. ground for setting aside the verdict. *Darling v. West,* 51 Iowa, 259. On the other hand, it is well settled that a failure to answer an immaterial interrogatory, or an answer in response thereto that the jury does not know, will not be a ground for setting aside a general verdict. *Patterson v. Omaha & C. B. R. & B. Co.,* 90 Iowa, 247. But a failure to answer an interrogatory is not a good ground for a motion to render judgment notwithstanding the general verdict. *Pieart v. Chicago, R. I. & P. R. Co.,* 82 Iowa, 148, 164.

We find no error in the refusal of the trial court to sustain the motion for judgment for defendant notwithstanding the verdict in favor of plaintiff, and the judgment on the general verdict is therefore *affirmed.*