[No. 13213.   Department One.   April 8, 1916.]

DORCAS SCRIBNER, *Executrix, et al., Respondents*, v.
E. E. PALMER, *Appellant*.[1]

APPEAL—REVIEW—AMENDMENTS.   Where evidence admitted with-
out objection, justifies a trial amendment, the complaint will, on ap-
peal, be deemed amended to conform to the proof.

FRAUD—EVIDENCE—ADMISSIBILITY.   In an action for fraud and
misrepresentations to the effect that a certain land contract was
"gilt-edged," security, evidence of the value of the land is relevant
and material,

EVIDENCE—TESTIMONY OF DECEASED WITNESS AT FORMER TRIAL—
OBJECTIONS.   Under Rem. & Bal. Code, § 1247, making admissible the
certified stenographer's report of the testimony of any witness, since
deceased, given at a former trial, both direct and cross-examinations
are admissible at a subsequent trial, if not subject to any objection
which was properly made and improperly overruled on the first
trial in favor of the same party making the same objection.

APPEAL—REVIEW—HARMLESS ERROR.   Error in the admission of
evidence of a mortgage is not prejudicial when the existence of the
mortgage was admitted.

FRAUD—EVIDENCE—ADMISSIBILITY.   Where a witness had denied
that he was in any way instrumental in inducing a fraudulent deal,
but had written a letter showing intimate relations with one of the
parties, cross-examination as to his motive in writing the letter is
admissible as testing the truth of his denial.

[1]Reported in 156 Pac. 531.

WITNESSES—CROSS-EXAMINATION—FRAUD. In an action for fraud, broad latitude is allowable in the cross-examination of the parties, and technical objections as to its extent having little bearing on the result are not ground for reversal.

APPEAL—REVIEW—DECISION—LAW OF CASE. A decision as to the sufficiency of the evidence upon a former appeal becomes the law of the case, and conclusive upon a second appeal where the evidence was the same in all material particulars.

Appeal from a judgment of the superior court for Spokane county, Wright, J., entered September 25, 1915, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort, after a trial on the merits. Affirmed.

*O. C. Moore*, for appellant.

*Merritt, Lantry & Merritt*, for respondents.

ELLIS, J.—Action by the principals to recover damages for fraud claimed to have been practiced by their agent in a sale of real estate. The first trial resulted in a verdict and judgment for plaintiffs. Upon appeal, that judgment was reversed on the ground that an erroneous measure of damages had been applied, and the cause was remanded for a new trial. *Scribner v. Palmer*, 81 Wash. 470, 142 Pac. 1166. After the first trial, Charles M. Scribner died. His wife, Dorcas Scribner, as executrix of his will, was substituted as plaintiff. The second trial also resulted in a verdict and judgment for plaintiffs. Defendant again appeals. The facts touching this controversy are stated in full in our former opinion. That statement is adopted as the statement here.

I. It is contended that the court erred in admitting evidence as to the character and value of the Oklahoma land, over appellant's objection to its relevancy and materiality. This claim is based upon the now admittedly mistaken assertion that "the Oklahoma land was not, nor any interest therein, transferred to the Scribners." The land was conveyed by Hodge to the Scribners and the deed delivered at the same

time that the Hall contract of purchase was assigned to them, and as a part of the same transaction. True, this fact was not pleaded, but it was brought out on cross-examination of appellant himself, without objection on any ground. It was an admitted fact of which appellant was at all times cognizant. This evidence would have justified a trial amendment, and we are warranted in treating the complaint as amended to state the admitted fact. The evidence as to the character and value of the Oklahoma land was palpably both relevant and material to the question of damages. On the first appeal, we held that the measure of damages was not the balance due upon the Ball contract, but the difference in value between the property sold by respondents and the contract taken by them in reliance upon appellant's representations. The value of the contract was, of necessity, largely dependent upon the value of the land covered by it. The vital materiality of the evidence of that value is emphasized, rather than weakened, by appellant's claim that Ball could forfeit his payments on the contract without incurring further liability. It had a plain bearing upon the appellant's representation that the contract was a gilt-edged security. True, the appellant did not represent that he knew anything as to the value of the land, but there was evidence that he did represent that the contract was "gilt-edged." The evidence as to the value of the land was not only admissible, but its exclusion would have been positive error.

II.  Charles M. Scribner testified at the first trial. He was submitted to a rigorous cross-examination in which were elicited certain matters of which parol testimony was not the best evidence and certain hearsay statements as to Ball's financial condition. He having died before the second trial, the stenographic report of his testimony, both on direct and cross-examination as given at the first trial, was read in evidence at the instance of respondents, pursuant to Rem. & Bal. Code, § 1247 (P. C. 81 § 1127). Upon the overruling of appellant's objections to the above mentioned matters, on the

ground that they were hearsay and not the best evidence, he now predicates several assignments of error. He argues, in substance, that, because the testimony was on the second trial offered by respondents, it all became direct testimony, and therefore subject to his objection as to its competency. The argument is attractive but unsound. The matters objected to were elicited by appellant himself at the first trial. He could not then have had them stricken on the ground of incompetency. They thus became legitimately an integral part of the testimony of the deceased witness and as such, under the statute, admissible at the second trial. The statute, Rem. & Bal. Code, § 1247 (P. C. 81 § 1127), declares:

"The testimony of any witness, deceased, . . . given . . . in a former trial of the same cause . . . when reported by a stenographer . . . and certified by the trial judge, . . . may be given in evidence in the trial of any civil action . . . where it is between the same parties and relates to the same matter."

It is *the testimony of the deceased witness given in a former trial*, not some part of it, which is, in plain and positive terms, made admissible at the second trial. The statute leaves no room for construction.

It may be that such evidence would be subject to any objection which was made and improperly overruled on the first trial in favor of the same party making the same objection at the second trial. It might, with reason, be argued that such evidence, when originally admitted over a proper objection, became no valid part of the testimony at the first trial. On that point, we hazard no opinion. Such is not the case here. The evidence here objected to was not subject to the objections now made on appellant's part when it was admitted at the first trial. Its character as proper and binding cross-examination was not changed to improper direct examination, subject to a motion to strike, by being offered as a part of the testimony of the deceased on the second trial.

We are not impressed with the argument based on a supposed analogy to the proof allowed at common law by oral testimony of statements made in the testimony of a since deceased witness given at a former trial. Such evidence was subject to every objection that could have been made had the witness been present and testifying in person. 1 Greenleaf, Evidence (16th ed.), p. 276, § 163. There is a reason for this not found in the application of our statute. A witness would hardly be able to recall the exact nature of objections, often technical, made at the former trial, nor the court's rulings thereon. This would not apply to a stenographic report certified by the trial judge himself. Our statute was passed with the full knowledge and in the light of the common law rule. Had the legislature intended to preserve that rule as applied to the stenographic report, it would doubtless have said so. It did not say so, and we have neither the power nor the inclination to speak where it was silent. But even at common law, the witness testifying on a second trial as to what was said by a deceased witness at the former trial must be able to state the *substance of all that the deceased witness said.* If he can recall only what was said on the examination in chief, but not what was said on cross-examination, none of the testimony is admissible. 1 Greenleaf, Evidence (16th ed.), p. 287, § 165. Even at common law, cross-examination is still cross-examination when offered as proof of former testimony at a second trial.

The question being one of first impression, and no decision of any court directly applicable having been cited, we have felt impelled to state thus fully our reasons for holding the evidence of the deceased witness admissible in its entirety.

III. The court permitted the reading of a deposition of the recorder of deeds of Jackson county, Oklahoma, into which the witness had read from the record in his office the mortgage on the Oklahoma land referred to in the Ball contract and in that contract assumed by Ball as a part of the purchase price. This was objected to on the grounds that it

was immaterial, irrelevant, and not the best evidence. It is urged that the mortgage could only be proved by a copy exemplified as provided by § 906 of the revised statute of the United States. We find it unnecessary to pass upon this question. The existence of the mortgage, though not admitted in the answer, was disclosed by the Ball contract and was admitted at the trial. The admission was made by counsel for appellant at the time this deposition was read and as a part of his objection. Even assuming that the proof made by the deposition was not technically correct, the error was not prejudicial. There is nothing in the claim that the jury might have inferred that a part of the fraud charged was the concealment of this mortgage. Charles M. Scribner had already testified that he knew of its existence from the beginning and that both Palmer and Hodge told him that Ball had assumed it.

IV.   Counsel vehemently protests against the action of the trial court in permitting a cross-examination of appellant as to his motive in writing a letter to Scribner inclosing certain shares of stock. The letter is set out in full in our former opinion. The objection is based upon the ground that appellant was not questioned as to this letter in his direct examination. This is true; but, in direct examination, he had denied that he had anything to do with closing the deal between Hodge and the Scribners further than to bring them together. He had said, in substance, that he did nothing to influence the deal. As stated in our former opinion, the letter was properly admitted as showing the intimate relation of the parties. The cross-examination as to his motive in writing it was clearly permissible as testing the truth of his claim that he was in no wise instrumental in inducing respondents to make the deal.

V.   It is likewise claimed that the court erred in permitting cross-examination of the appellant as to his attempts after the closing of the deal with the Scribners to sell the Scribner

property for Hodge. He admitted that Hodge had never list-
ed the land with him for that purpose. The relations between
Hodge and the appellant were material, in view of the appel-
lant's claim in his examination in chief that whatever repre-
sentations were made inducing the Scribners to part with
their land were made by Hodge. As bearing upon that re-
lation, the fact that the appellant, without specific authority
from Hodge, attempted to sell the land, tended to show an
intimacy between the parties, if not an actual interest in
passing the property into the hands of innocent purchasers.
Where fraud is the gravamen of an action, a broad latitude is
always indulged in the cross-examination of both parties. We
cannot say that the proper limit was exceeded in this instance.
Two juries have found against the appellant on the primary
question of fraud and upon the same evidence as to the main
facts. We should be slow to set aside the verdict on technical
objections touching the extent of the cross-examination,
which we are convinced had little, if any, bearing upon the
result.

VI. Finally it is argued at great length that the court
erred in overruling the motions for a nonsuit and for judg-
ment *non obstante veredicto*. These motions were based upon
the claim that the respondents' evidence was insufficient to
take the case to the jury upon the primary issue of fraud.
The respondents' evidence touching that issue was in all ma-
terial particulars the same on the second trial as on the first.
The same contention was made touching the sufficiency of the
same evidence on the first appeal as now. We then held that
"the court did not err in overruling the motion for a nonsuit
and in refusing to direct a verdict." As to the sufficiency of
the evidence to make a case for the jury, our decision on the
first appeal settled the law of the case. *Perrault v. Em-
porium Dept. Store Co.*, 83 Wash. 578, 145 Pac. 438, and
cases there cited; *Smith Sand & Gravel Co. v. Corbin*, 89
Wash. 43, 154 Pac. 150; *Hoffman v. Watkins*, 89 Wash.
661, 155 Pac. 159.

A most careful consideration of the entire record and of every point discussed in the briefs convinces us that no error was committed which would warrant a reversal.

The judgment is affirmed.

MORRIS, C. J., CHADWICK, MOUNT, and FULLERTON, JJ., concur.