[No. 14810.   Department Two.   January 6, 1919.]

R. M. RAMAT et al., Respondents, v. CALIFORNIA
INSURANCE COMPANY, Appellant.[1]

APPEAL (473)—REVIEW—FORMER DECISION AS LAW OF CASE. A decision on appeal that the evidence made a question for the jury becomes the law of the case on a retrial, where the evidence was substantially the same as on the former trial.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 2, 1918, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on a fire insurance policy. Affirmed.

*H. T. Granger*, for appellant.
*Cole & Dolby*, for respondents.

PARKER, J.—The plaintiffs, Ramat and wife, seek recovery from the defendant insurance company upon a fire insurance policy covering their household furniture. Trial in the superior court for King county sitting with a jury resulted in verdict and judgment in favor of the plaintiffs for the sum of $500, the full amount for which the policy was issued. The defendant has appealed to this court.

A judgment was rendered upon a verdict in respondent's favor in the superior court upon a former trial therein, which was reversed upon appeal to this court (*Ramat v. California Ins. Co.*, 95 Wash. 571, 164 Pac. 219), and the cause remanded for a new trial. It was contended in appellant's behalf on the former appeal that the trial court erred in refusing to sustain its motion challenging the sufficiency of the evidence to support any recovery by respondents and asking that the cause be so determined in its favor as a matter of

[1]Reported in 177 Pac. 638.

law. The challenge so made upon that trial was over-
ruled by the trial court and the cause was submitted
to the jury on the single question of the amount of
the loss; the trial court ruling, as a matter of law, that
there had been a waiver of the provisions of the policy
making it void if the insured then had, or should there-
after acquire, other insurance on the property, and the
condition that the insured should, within sixty days
after a fire destroying the property, render to the com-
pany a sworn statement of their loss. While this court
held that the trial court correctly overruled appel-
lant's challenge to the evidence and motion for judg-
ment, it was because of the determination by the trial
court of the two questions of waiver in respondent's
favor, as a matter of law, that a new trial was awarded
to appellants. The evidence given upon the trial
touching the question of waiver on the part of appel-
lants in these two particulars was, in substance, the
same upon the second as upon the first trial; and upon
that evidence the questions of waiver were submitted
to the jury upon the second trial and decided in re-
spondents' favor.

That our former decision has become the law of the
case, holding, in effect, that the evidence was such as
to call for the decision of the jury upon these ques-
tions of waiver, we think is plain, in view of the fact
that the evidence upon the second trial was in sub-
stance the same as upon the first trial. Reversal of
this judgment is sought upon the theory that the trial
court erred in submitting to the jury these two ques-
tions of waiver. What was said in our former decision
remanding the cause for new trial, we think, disposes
of the contentions made in that behalf. The view of
the law there expressed has since then been adhered
to by us, referring specifically to that decision, in the

20—104 WASH.

following cases: *Workman v. Royal Exchange Assurance*, 96 Wash. 559, 165 Pac. 488; *Boskovich v. Union Assurance Society*, 98 Wash. 579, 168 Pac. 166; *Gregerson v. Phenix Fire Ins. Co.*, 99 Wash. 639, 170 Pac. 331; *Robbins v. Milwaukee Mechanics Ins. Co.*, 102 Wash. 539, 173 Pac. 634.

The judgment is affirmed.

MAIN, C. J., MOUNT, HOLCOMB, and FULLERTON, JJ., concur.