[No. 16095. Department One. December 20, 1920.]

## G. W. HARRIS, *Respondent,* v. R. L. SAUNDERS, *Appellant.*[1]

APPEAL (475)—REVIEW—LAW OF CASE—QUESTIONS CONCLUDED. Where, upon a second trial, the evidence is substantially the same as was held on appeal sufficient to make a case for the jury, it is not error to submit it to the jury.

WITNESSES (10)—COMPETENCY—KNOWLEDGE OF BOOKS. A receiver in possession of corporate books, and to a considerable degree familiar with their contents, may testify that he had examined them and was unable to find that any dividend had been paid.

FRAUD (18)—EVIDENCE—ADMISSIBILITY. In an action for fraud in inducing the purchase of stock of a corporation which went into the hands of a receiver, in which the question of its general financial condition was an important issue, evidence as to a claim allowed by the receiver is admissible upon that issue.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 23, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*C. H. Winders,* for appellant.

*Kelleran & Hannan,* for respondent.

[1]Reported in 194 Pac. 533; 198 Pac. 393.

PARKER, J.—The plaintiff, Harris, commenced this action in the superior court for King county, seeking recovery of damages claimed to have been suffered by him resulting from false and fraudulent representations made to him by the defendants Gerlinger and Saunders, inducing him to purchase certain shares of the capital stock of the Gerlinger Motor Car Company, which shares of stock were at the time worthless. Upon a former trial of the case in the superior court, judgment was by the court rendered by default against the defendant Gerlinger, and the case as to the defendant Saunders withdrawn from the consideration of the jury and dismissed, at the close of the evidence introduced in behalf of Harris, upon the ground that the evidence did not warrant the submission of the claim of Harris for damages as against Saunders to the jury. Upon the appeal of Harris therefrom to this court, the judgment of dismissal was reversed and the case remanded for a new trial as against Saunders, our decision being reported in 108 Wash. 195, 182 Pac. 949. A new trial was accordingly had in the superior court, resulting in verdict and judgment in favor of Harris and against Saunders, from which he has appealed to this court.

The contention here made in behalf of Saunders, which his counsel most strenuously argue, and manifestly regard as by far of the most consequence, is that the trial court erred in its refusal to sustain the challenge, timely made by proper motions, to the sufficiency of the evidence to sustain recovery by Harris against Saunders. Reference to our decision rendered upon the former appeal will disclose a somewhat exhaustive review of the facts shown by the evidence, introduced upon the former trial, which the jury might have found to be established had the case then been

submitted to the jury, and our conclusion that such evidence would have supported a verdict awarding recovery to Harris against Saunders. A painstaking reading of the evidence introduced in behalf of Harris upon the second trial convinces us that it is substantially the same as that introduced in his behalf upon the first trial, as reviewed in our decision. There can be found some differences in the language of the testimony which might seem to furnish some opportunity for arguing that the case made in behalf of Harris upon the second trial is not quite so strong as upon the first trial; but we think that, when the testimony of each witness is considered as a whole, such argument cannot prevail.

It is true that, upon the second trial of the case, we have the evidence introduced in behalf of Saunders in his defense; but this evidence is only contradictory of the evidence introduced in behalf of Harris, and therefore adds no additional strength to the contention that the case should have been withdrawn from the jury and decided as a matter of law in favor of Saunders. The right of Saunders to have the case determined in his favor as a matter of law was no different at the conclusion of the evidence offered in his behalf than it was at the conclusion of the evidence offered in behalf of Harris. We are convinced that, to review in detail the evidence introduced upon the second trial with a view to demonstrating whether or not the case should have been taken from the jury and decided as a matter of law in favor of Saunders, would be but to repeat, with but a slight if any material change, a review of the facts as the jury may have found them, in the language of our former decision. We conclude that the trial court did not err in submitting the case to the jury rather than deciding it as a question of law.

Contention is made in behalf of Saunders that the court erred in permitting, over the objection of his counsel, Murphy, the receiver of the Gerlinger Motor Car Company, to testify touching the question of whether or not that company had ever paid any dividends. Over the objection of counsel for Saunders, Murphy was asked and permitted to answer as follows:

"Q. From your examination of the books, have you ever been able to ascertain whether any such dividends had been paid? A. I have never been able to find that a dividend has been paid to anybody, except what Gerlinger took out, if that might be considered a dividend."

The argument is, that Murphy was not qualified to so testify, because of lack of knowledge of the contents of the books. There is considerable of his testimony touching his acquaintanceship with the books which affords some room for arguing that he was not very familiar with their contents; but it is shown that they were in his possession a long time as receiver; that he was, to a considerable degree, familiar with their contents, though possibly not sufficiently so that he would have been able to state positively that no dividends had ever been paid. It will be noticed that his answer above quoted is that, "I have never been able to find that any dividend has been paid to anybody." Elsewhere in the record it appears somewhat conclusively that no dividend had been paid by the company, at least for some time prior to the times here in question. We think the trial court did not abuse its discretion in allowing Murphy to testify as he did, and therefore there was no error therein to the legal prejudice of Saunders.

During the trial, there was introduced in evidence in behalf of Harris a claim of a creditor of the Gerlinger Motor Car Company which had been filed with,

and allowed by, the receiver. This claim, upon its face, showed items of indebtedness to the extent of approximately $50 which accrued prior to the time Harris purchased his stock, the whole claim amounting to only $103. The claim was offered and introduced in evidence without any statement as to the purpose of its introduction. The question of the general financial condition of the Gerlinger Motor Car Company at, and incidentally after, the time Harris purchased his stock, was one of the main questions of fact in issue. It is somewhat difficult to follow the argument of counsel for Saunders touching the admissibility of this claim; but it seems to be that it was not admissible in evidence as against Saunders—that is, that it was not a showing as against him—of the existence of an indebtedness of the company at the time Harris purchased his stock. It may not have been proof as against Saunders of an indebtedness of the company at the time Harris purchased his stock; but it was evidence touching the general financial condition of the company at the time it finally went into insolvency, and proper to be considered with evidence of other indebtedness of the company, of which there was considerable. We think the admission of the claim was not prejudicial to Saunders in a legal sense, though it is possible counsel's contention might be well grounded were it introduced for the avowed sole purpose of showing the indebtedness owing by the company at the time Harris purchased the stock.

Some contention is made that the trial court erred in giving certain instructions to the jury. We have given careful consideration to these claims of error and are quite convinced that they are not well founded. We regard the instructions as a whole rather more favorable to Saunders than to Harris, and it is only by picking out isolated portions therein that counsel

for Saunders seems able to find some basis for his con-
tentions touching these instructions. We do not feel
called upon to further discuss the case. The judgment
is affirmed.

FULLERTON and BRIDGES, JJ., concur.

### ON REHEARING.

[*En Banc.*    June 1, 1921.]

PER CURIAM.—This cause was reargued before the
court *En Banc* on May 23, 1921, in pursuance of the
granting of appellant's petition for rehearing. Deem-
ing ourselves fully advised in the premises, we are of
the opinion that the cause was correctly disposed of by
the decision of Department One. For the reasons
therein stated, the judgment is affirmed as in the De-
partment opinion directed.