[No. 22844.   Department Two.   May 21, 1931.]

GEORGE A. ROBINSON, *Respondent*, v. SILVER LAKE
RAILWAY & LUMBER COMPANY, *Appellant*.[1]

*Fisk & McCarthy,* for appellant.

· *J. N. Pearcy, Ponder & Ponder,* and *W. H. Abel,* for respondent.

BEELER, J.—The parties to this controversy appeared in this court in cause No. 21856 *(Robinson v. Silver Lake Ry. & Lum. Co.,* 153 Wash. 261), and reference should be made to that case, and the opinion there should be read in connection with the opinion here.   The statement there made is here adopted.

[1]Reported in 299 Pac. 356.

In the first trial, at the close of the plaintiff's case, the defendant, Silver Lake Railway & Lumber Company, challenged the legal sufficiency of plaintiff's evidence and moved for a dismissal, which motion was by the trial court sustained. From the order and judgment which followed, the plaintiff appealed, and this court reversed the case and remanded the cause for retrial. The pleadings and issues on the second trial were identical with those on the first trial.

The action is one to recover damages based on the alleged failure and negligence of the defendant lumber company to catch in its boom in the Cowlitz river, which is a navigable stream in the state of Washington, certain logs belonging to and placed in the river by the plaintiff at some distance above the defendant's boom. The cause was tried to the court and jury, resulting in a verdict in favor of the plaintiff in the sum of nine thousand dollars. The defendant moved for judgment notwithstanding the verdict, which was overruled, and judgment was entered upon the verdict. The defendant has appealed.

Appellant contends that the judgment of the lower court should be reversed for two reasons: First, because it is not a public service booming company, and therefore was under no obligation to catch and raft respondent's logs. Second, that the evidence is insufficient to support the verdict.

On this appeal, both appellant and respondent discuss at great length in their briefs the questions of law submitted to and decided by this court on the former appeal. We are satisfied with the law as enunciated and applied in our former decision, which has become the law of the case. Not only were the issues on the second trial identical with the issues on the first trial, but the evidence on the second trial as to the location, construction, and maintenance of the boom,

and as to the loss of logs through the negligence of the Lumber Company, was in many respects similar, and in some respects much stronger in respondent's favor than the evidence on the first trial. Where the evidence on a second trial is not materially different from that offered on the first trial, the decision on the first appeal that the evidence made a question for the jury, becomes the law of the case. *Corum v. Bloomquist,* 121 Wash. 499, 209 Pac. 702; *Harris v. Saunders,* 113 Wash. 482, 194 Pac. 533, 198 Pac. 393; *Ramat v. California Insurance Co.,* 104 Wash. 608, 177 Pac. 638; *Scribner v. Palmer,* 90 Wash. 595, 156 Pac. 531.

In our former opinion, we held that the appellant was a *public service booming company, and was liable in damages if it negligently allowed respondent's logs to pass its boom and become lost.* We adhere to what we there said concerning appellant being a public service booming company. Hence, our former opinion disposes of appellant's first contention.

▆ Now, as to the second question raised by appellant: Does the evidence support the verdict?

We remanded the cause to the lower court with directions to try out the issues of negligence and resulting damages. At appellant's request, the trial court submitted to the jury special interrogatories to be answered at the time of returning the general verdict. All these interrogatories were answered by the jury, except one which was withdrawn by the court. Appellant contends that the trial court erred in refusing to grant judgment in its favor notwithstanding the verdict because the jury failed to answer the seventh interrogatory, and because the evidence was insufficient to take the case to the jury on the question of negligence. The trial court, in passing on appellant's

motion for judgment n. o. v., as touching the question whether negligence was shown, tersely and aptly said:

"On the first question, whether or not any negligence was shown, the defendant argues that no negligence on the part of the defendant was shown by the plaintiff, but I think there is some evidence of negligence. At any rate, the supreme court in its first decision settles that matter by saying on page 6 of its opinion as follows:

" 'About that time, a large amount of Robinson's logs was allowed by the company to pass its boom and become lost, the sheer being unnecessarily and negligently left open, as the jury might have concluded from the evidence. The evidence also warrants the conclusion, as the jury might have found, that, on other occasions, the sheer was unnecessarily and negligently left open and quantities of Robinson's logs allowed to pass and become lost.'

"The evidence was fully as strong on this point in the last trial as it was in the first trial, so on that point the motion will be denied."

It is the settled law of this court that it is discretionary with the trial judge to refuse to submit interrogatories to the jury, or to withdraw interrogatories theretofore submitted, and his action in that regard will not be reviewed except for abuse of discretion. *Cramer v. Cramer,* 106 Wash. 681, 180 Pac. 915; *Alaska Pacific S. Co. v. Sperry Flour Co.,* 122 Wash. 642, 211 Pac. 761; *Colvin v. Auto Interurban Co.,* 132 Wash. 591, 232 Pac. 365.

We are satisfied from an examination of the record that the trial judge did not abuse the discretion reposed in him by law in withdrawing from the jury the seventh interrogatory requested by appellant. This particular interrogatory asked the jury to segregate the damages and fix the amount sustained on the several different occasions. After the jury had announced that, under the evidence before them, they were unable

to make this segregation, the court withdrew this interrogatory, and received and filed the general verdict and the answers to the remaining six special interrogatories. There was ample evidence on the subject of damages to sustain 'the general verdict. In fact, the record establishes that appellants were guilty of gross and wanton negligence, and the instructions of the court limited the recovery to such damages as were shown by the evidence to have been caused by appellant's negligence.

"A refusal to submit interrogatories to the jury is not reversible error when the verdict and judgment are right and the party complaining is not prejudiced by such refusal." 27 R. C. L., p. 867.

The ultimate facts in this case for the jury to determine were the negligence or lack of negligence on the part of appellant, and the damages, if any, sustained therefrom by the respondent. These facts were fixed and determined by the general verdict. The facts and circumstances constituting the negligence, and the details of the damages resulting therefrom, were merely evidentiary.

"Questions to the jury should relate to the ultimate facts and not merely the evidential facts on which such ultimate facts rest, and the court is justified in refusing to submit questions which call for evidence whether in the submission of a special verdict, or a special interrogatory addressed to the particular finding." 27 R. C. L., p. 871.

No motion for a new trial was interposed by appellant. Appellant limited its attack on the general verdict by interposing a motion for judgment n. o. v. In this condition of the record, the failure of the jury to segregate the damages, and the withdrawal by the court of the seventh special interrogatory, calling for such segregation, are not available as error to appellant.

"It is contended for appellant that the jury failed to find in answer to special interrogatories facts material to the conclusion reached in their general verdict. If the motion had been for a new trial, this might be a good ground for setting aside the verdict. *Darling v. West*, 51 Iowa 259, 1. N. W., 531. But, on the other hand, it is well settled that a failure to answer an immaterial interrogatory, or an answer in response thereto that the jury does not know, will not be a ground for setting aside a general verdict. *Patterson v. Omaha & C. B. R. & B. Co.*, 90 Iowa, 247, 57 N. W. 880. But a failure to answer an interrogatory is not a good ground for a motion to render judgment notwithstanding the general verdict." *Connell v. Keokuk Eléc. R. Power Co.*, 131 Iowa 622, 109 N. W. 177.

Judgment affirmed.

TOLMAN, C. J., MILLARD, FULLERTON, and BEALS, JJ., concur.