## WALTER H. CHURCHILL v. CHARLES GOLDSMITH.

*Justices of the peace—Attachment—Non-appearance of defendant— Sufficiency of docket entry—Dissolution of attachment.*

1. In a suit commenced in justice's court by attachment, where the defendant is *not* personally served and does *not* appear, it is not important in what way the plaintiff appears on the *return-day*, as the statute positively requires an adjournment. How. Stat. § 6846.

    So *held*, where the docket showed such appearance to have been by attorney, but failed to show that proof was made by the attorney of his authority to appear, as required by How. Stat. § 6870. *Scofield v. Cahoon*, 31 Mich. 206; *Reed v. Gage*, 33 Id. 179.

2. A docket entry by a justice, in an attachment suit where defendant was not personally served and did not appear, that the plaintiff appeared at the proper hour on the adjourned day, shows a regular appearance.

3. Proceedings for the dissolution of a justice's court attachment do not suspend or bar action in the main case.

    So *held*, where pending a thirty days' adjournment under the statute the attachment was dissolved by a circuit court commissioner, and an appeal taken to the circuit court, and on the adjourned day the justice rendered judgment for the plaintiff in the *main* case, the defendant not appearing in the cause.

4. The dissolution of an attachment issued by a justice of the peace, where defendant is not personally served and does not appear, *vacates* a judgment rendered in favor of the plaintiff.

Error to Oceana. (Russell, J.)    Argued January 11, 1887. Decided January 13, 1887.

Assumpsit.    Defendant brings error.    Affirmed.    The facts are stated in the opinion.

*Gurney & Bickford* (*Adolph Sloman*, of counsel), for appellant.

*W. E. Ambler* and *H. W. Harpster*, for plaintiff.

CAMPBELL, C. J.    Goldsmith brought into the circuit

court for the county of Oceana a justice's judgment, which was affirmed. He brings error on the affirmance.

The suit was commenced by attachment, which seems to have been regular, but not personally served. On the return-day plaintiff appeared by attorney, and, defendant not appearing, the case was adjourned for 30 days. In the meantime a motion was made before a circuit court commissioner to dissolve the attachment under the statute, and he made an order dissolving it, from which Churchill appealed. Pending this appeal, the case came on at the adjourned day before the justice, and he gave judgment for plaintiff.

As the statute positively requires an adjournment when the defendant is not personally served and does not appear, we do not think it of any importance in what way the plaintiff appeared on the return-day.[1] On the adjourned day we must assume from the docket that the appearance of plaintiff was regular.[2] If so, the only question left is whether the pendency of proceedings for dissolution had any effect on the action before the justice.

We can find nothing in the statute which provides for any such interference with the main suit. Where there is no personal service, the attachment judgment can only bind the property, and, if the attachment should be ultimately dissolved, of course the judgment must fall with it. But these proceedings may easily last long enough to oust a justice of jurisdiction, and might therefore be resorted to for delay, to the detriment of right, if they suspended the main action. The statute does not provide for any such suspension, and the main issue, on the merits, would not be affected by anything which would be litigated on the motion to dissolve. There

[1] The docket shows plaintiff's appearance on the *return-day* by his *attorney*, but contains no statement that the attorney swore to his *authority* to so appear.

[2] The docket entry is as follows: " June 30, 1886, 10 o'clock A. M. Cause called, and *plaintiff* appeared, and defendant did not appear; and after a delay of one hour I did thereupon proceed to hear and try said cause."

is no provision which compels or authorizes the justice to take notice of these collateral proceedings, until brought before him in some responsible shape, and this was not done in the present case. But, had it been, they would not have barred his action.

We see no error in the record, and the judgment must be affirmed.

The other Justices concurred.

