KROLIK *v.* LANG.

1. FRAUD—DIRECTED VERDICT—EVIDENCE—FINANCIAL STATEMENT—QUESTION OF FACT.

In an action for fraud and deceit, based on an alleged false financial statement given by defendant to plaintiffs for the purpose of securing credit, evidence that defendant admitted to plaintiffs, after credit had been extended to him, that his indebtedness was greater than the statement showed, presented an issue of fact for the jury as to whether material parts of the statement were deceitful and false in fact.[1]

[1]Generally as to fraudulent representations in obtaining credit, see notes in 14 L. R. A. 264; 35 L. R. A. 421, 433; 37 L. R. A. 608.

2. SAME—EVIDENCE—INTENT—FORMER FINANCIAL STATEMENTS.

Evidence of two former financial statements made by defendant, showing a financial gain in his business, was admissible for the purpose of showing that plaintiffs were deceived, and also, in the light of subsequent events, to show an intent on the part of defendant to deceive.[1]

3. SAME—EVIDENCE—INTENT.

Evidence that about a year after giving the alleged false financial statement, defendant's stock was sold on chattel mortgage foreclosure for $500; that defendant and his wife gave a real estate mortgage for $575, the full amount due on the chattel mortgage, and organized a corporation and continued the business, with defendant as manager, taken in connection with defendant's previous statements showing a profitable business and increasing assets, amounting, when the statement in question was made, to $7,000, and net worth of $4,000, was admissible for the purpose of showing the whole transaction and enabling the jury to pass upon the correctness of defendant's statement, as well as his motives in making it.

4. TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.

Where the charge as given clearly covered the requested instruction, no error was committed by the trial court in refusing to charge as requested.

5. SAME—INSTRUCTIONS.

It was not error for the court to refuse to single out and dwell separately upon disconnected portions of the circumstantial evidence, or to direct the jury what inference should be drawn from or weight given to each, considered separate from the other testimony, when deciding the substantial and controlling issue of fact, to which all the evidence admitted was directed.

6. SAME—FRAUD—INSTRUCTIONS.

Where there was evidence of fraud for the jury to consider, and the court fairly submitted the issue, under proper instructions, the judgment of the court below will not be reversed.

---

[1] As to admissibility of evidence of other acts to show intent, see notes in 62 L. R. A. 222, 240; 43 L. R. A. (N. S.) 667.

As to burden of proof as to fraud, see note in 33 L. R. A. (N. S.) 837.

Error to Lapeer; Smith, J.  Submitted April 14, 1915.  (Docket No. 81.)  Decided July 23, 1915.

Case by Henry A. Krolik and others, a copartnership, doing business under the firm name of A. Krolik & Company, against John W. Lang for fraud and deceit.  Judgment for plaintiffs.  Defendant brings error.  Affirmed.

*Herbert W. Smith*, for appellant.

*Arthur E. Fixel* and *Max H. Finkelston* (*Earl Lovejoy*, of counsel), for appellees.

STEERE, J.  Plaintiffs commenced this action in tort, filing a declaration in a plea of trespass on the case charging defendant with fraud in obtaining goods on credit from them by means of a false financial statement, setting out and particularly charging, as the fraudulent act on which credit for the indebtedness sought to be recovered was obtained, a statement of his financial condition made to and for them on February 18, 1910.  At the time this indebtedness accrued, and for some years previous, defendant owned and operated a general store in Dryden, Lapeer county, Mich., and purchased merchandise of plaintiffs, who composed a mercantile copartnership, located in Detroit, engaged in the wholesale dry goods business. While thus dealing, defendant furnished plaintiffs at different times written statements of his financial condition as a basis for their extending him credit for merchandise which he purchased from them on time, and had made the statement counted upon prior to the extension of credits here involved.

At the time this action was begun, defendant was indebted to plaintiffs for goods purchased from them on credit, claimed to have been extended to him on the strength of his financial statement while doing busi-

ness in his own name, consisting of a balance for merchandise and four notes for earlier purchases of different dates and amounts drawing interest at 7 per cent. per annum, which had been protested for nonpayment, totaling $474.17, interest amounting at time of trial on November 11, 1914, to $18.45. He was then acting as manager of a general mercantile business owned by a corporation known as the J. W. Lang Mercantile Company, which plaintiffs claimed had in a questionable way, so far as defendant was concerned, succeeded him and was located in the same building where he formerly conducted his own business when buying goods of plaintiffs. He owned one share of stock in the corporation and his wife 13; the balance belonging to others connected with the concern.

The statement set out in plaintiffs' declaration, claimed to have been false and fraudulent both as to liabilities and assets, is as follows:

"Financial Statement: J. W. Lang, Dryden, Michigan, made the following statement of my financial conditions and affairs to A. Krolik & Company, of Detroit, Michigan, this 18th day of February, 1910, for the purpose of obtaining goods from them from time to time, upon credit and for the purpose of inducing them to grant me an extension of time upon my indebtedness to them.

"Assets: Stock in trade in Dryden, Michigan, $6,000. Good notes and accounts, $1,400. Good securities, none. Cash on hand, $200. Total, $7,600.

"Liabilities: Owe for merchandise, $1,500. Owe for borrowed money, $450. Mortgages on real estate, none. Other indebtedness, none. Incumbrances on stock in trade, $1,500. Incumbrances on other chattels, none. Total liabilities of every kind, $3,450. Net worth, $4,150.

"The foregoing is a true and correct statement of my assets and liabilities. Insurance on stock in trade, $2,000. Insurance on other property, none. Judgment and suits pending, none.

[Signed]     "J. W. LANG."

187 Mich.—19.

Defendant pleaded the general issue.

The case was tried by jury, resulting in a verdict and judgment for the amount claimed, which does not appear to have been questioned; the issue on the trial being whether credit for the indebtedness shown was obtained by deceit and false representations upon which plaintiffs relied.

Defendant's various assignments of error group into three complaints, as follows: Refusal of the court to direct a verdict for defendant, admission of incompetent and prejudicial evidence, and refusal to give defendant's fourth, fifth, and sixth requests.

The sixth request is for a directed verdict on the ground of absence of any evidence tending to show that the financial statement upon which plaintiffs claim to have relied was false, and its refusal goes with the alleged error in not granting defendant's motion for a directed verdict at the close of plaintiff's testimony. The gist of a fraudulent misrepresentation is that it is intended to produce a false impression or belief in the mind of the other party. The representations in this case, which were statements of fact and not of opinion were in writing. There can be no question as to what they were or their purpose. They were of material facts peculiarly within the knowledge of defendant, made directly to and with the intention of inducing plaintiffs, in reliance upon them, to grant him an extension of credit. That they believed those representations and by reason of them were induced to do as he requested, is shown and not disputed. Whether material parts of the statement were deceitful and false in fact was the issue on the trial. It was shown that when plaintiff's agent was unsuccessfully attempting to collect this indebtedness after it was past due, and confronted defendant with his financial statement that his net worth was over $4,000, he replied:

"I can't help but conclude my indebtedness was more

than I gave you in my statement, otherwise I have no explanation. I couldn't account for it."

An examination of the record, as a whole, satisfies us that the testimony, which it is not deemed necessary to review in detail, fairly raised an issue of fact for the jury upon that contention.

Error is assigned on the admission, against objection, of two financial statements given plaintiffs by defendant prior to the time of giving the one upon which fraud is alleged. These statements showed a financial gain in defendant's business up to and including the time the statement of February 18, 1910, was made, and were introduced as an element tending not only to show plaintiffs were deceived but, in the light of subsequent events, an intent on the part of defendant to deceive. For this purpose previous representations and relations between the parties and subsequent facts relating to the same subject-matter are admissible. It is an elementary rule that much latitude may be allowed in admission of circumstantial evidence in cases where fraud is charged (14 Am. & Eng. Enc. Law, p. 195; 20 Cyc. p. 110), "and no rigid rule of evidence can be applied to measure the admissibility of circumstances, for they arise out of the condition, relation, conduct, and declarations of the parties, and those are infinitely diversified" (*Stauffer* v. *Young,* 39 Pa. 455). This court said in *Ross* v. *Miner,* 64 Mich. 206 (31 N. W. 187):

"But it is quite possible that fraud can be made out by proof of subsequent acts throwing light on what was done before the dealings assailed."

Under these general rules, plaintiffs were permitted to introduce evidence, against objection, that on March 23, 1911, defendant's stock of merchandise was sold on chattel mortgage foreclosure for $500 and bid in by the president of a local bank which held the mortgage,

and subsequently sold to defendant's wife; she and defendant later giving a real estate mortgage for $575, being the full amount due on the chattel mortgage, and the bank giving a bill of sale of the stock to her. Following this, the corporation was organized and business continued in its name, with defendant manager, as before stated. These transactions, in connection with defendant's previous statements, showing a profitable business with increasing assets, amounting, when the statement was made in 1910, to $7,000, and net worth of defendant over $4,000, were relevant evidence for a full understanding of the transaction under consideration and competent for the jury to consider in passing upon the correctness of defendant's statement as well as his motives in making it. We discover no error in admission of the evidence objected to.

Defendant's fourth and fifth requests, on refusal of which error is assigned, are in substance a repetition of objections to this line of testimony, asking the court to instruct the jury that the sale of the stock in 1911 for $500 could not be accepted as evidence that the statement in 1910 was false, and the purchase of the stock by defendant's wife after the chattel mortgage sale, as she had a perfect right to do, was no evidence that said statement was false.

Error is also assigned on the failure of the court to give defendant's second request "that fraud is never to be imputed where the transaction may be fairly reconciled with honesty." Though in different language, the charge clearly covers this proposition.

Of the fourth and fifth it is sufficient to say that it was not the duty of the court to single out and dwell separately upon disconnected portions of the circumstantial evidence, or to direct the jury what inference should be drawn from or weight given to each, considered separate from the other testimony, when deciding the substantial and controlling issue of fact in the case,

to which it was made plain all the evidence admitted was directed.

The court fully and fairly explained to the jury the exact issue of fact for them to decide with the rules of law to be borne in mind when canvassing the testimony and deciding the issue within their province, saying in part:

"Plaintiff insists that these goods were procured by means of a fraud, or fraudulent statement, concerning which I will speak at length later on. The burden of proof is upon the plaintiff to establish the fraud. In other words, fraud is never to be imputed with the transaction, nor can fraud be presumed without evidence, nor is it essential that the defendant first prove there was no fraud. Fraud is never presumed, but must be proven. The law presumes that every person transacts business honestly, and in good faith, and the burden of proof of fraud is on the party who charges fraud. In this case the burden is upon the plaintiff.

"The fraud claimed in this case is the defendant on the 11th day of February, 1910, made a financial statement for the purpose of obtaining credit from the plaintiff. If the plaintiff has failed to prove that the financial statement made by the defendant on the 11th day of February, 1910, was at the time made false, then your verdict will be for the defendant of no cause of action.   *   *   *   Now, as this case stands, gentlemen, if you fail to find any fraud in writing (Exhibit C), then the verdict must be for the defendant.   *   *   *   Speaking generally, to entitle the plaintiffs to recover in this action, they must show, by a fair preponderance of the evidence, that the defendant did make this statement in 1910; that the statements made by the defendant to the plaintiffs were untrue in fact at the time he made them, or that some material part of that statement was untrue; also that the statement was made by the defendant with the intention and for the purpose of obtaining a standing thereby with the plaintiffs, and therefore credit for the goods; that the plaintiffs believed these statements to be true, and relied upon them, and, by reason of such statement, were induced and did sell the goods to the defendant and gave him credit therefor, and plaintiffs would not have

given him credit had he not made the false statement."

In *Ferris* v. *McQueen*, 94 Mich. 367 (54 N. W. 164), this court said:

"The rule is that fraud may be proved, like any other fact, by facts and circumstances which satisfy the mind of its existence, and it is a question for the jury when there is any evidence to warrant the finding. As was held in *Freedman* v. *Campfield*, 92 Mich. 118 [52 N. W. 630], when there is a *scintilla* of evidence, the verdict will not be disturbed."

There was more than a scintilla of evidence in this case for the jury to consider on the question of fraud. We conclude that the issue was fairly submitted to the jury under proper instructions, and discover no error committed in the progress of the trial requiring the verdict to be disturbed.

The judgment is affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.