INTERNATIONAL SHOE CO. INC. *vs.* LOIS R. BERICK.

NOVEMBER 8, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. This is an action on the case for deceit based on false representations as to financial ability. The case was heard by a justice of the superior court without a jury, who gave decision for the plaintiff in the sum of $2,000.33. The case is before us on defendant's exception to this decision. At the hearing before us the defendant's principal complaint was that the court erred in the admission of certain evidence. She also contended that the plaintiff was barred from recovery by its own negligent conduct.

The plaintiff is a shoe manufacturer with offices in the city of New York. The defendant conducted a retail shoe store in Pawtucket. She purchased this business in 1930 from the assignee of her husband under a common law assignment for the benefit of creditors and relied upon her husband and a manager to carry on her business.

A financial statement of the business, dated July 19, 1931, was prepared and signed by the defendant and delivered to the plaintiff. This statement also represented that "simple" books were kept in the regular course of business. The plaintiff, thereupon, extended credit to the defendant. On February 26, 1932, the defendant prepared for and gave to the plaintiff another financial statement in order to hold her credit and again stated that she used a "simple bookkeeping system." Two months later, on March 28, 1932, she made a common law assignment for the benefit of creditors setting forth her liabilities but failed to itemize her assets as required by section 2, chapter 389, general laws 1923. Over the defendant's objection the court permitted the assignee to testify from his report regarding the liabilities, the inventory valuation of the assets, and the sum realized at a sale of those assets.

The defendant testified that she relied upon information which she received from her husband and the manager in the preparation of the financial statements. She admitted

that they were both given to the plaintiff for the purpose of securing credit and that no books of account were kept at any time.

The gist of actionable fraudulent misrepresentation is that it is intended to produce a false belief in the mind of the person to whom the representation is made with the intent that he will act upon such representation. The representations in this case, which were statements of facts and not of opinion, were in writing, prepared and signed by the defendant herself. There is no question as to what they were or their purpose. They were statements of material facts within the knowledge or means of knowledge of the defendant and were made directly to the plaintiff with the intention of inducing the plaintiff, in reliance upon them, to grant her credit. If false, and acted upon by the plaintiff to its detriment, deceit is maintainable. *Phillips* v. *Hebden*, 28 R. I. 1; *Krolik* v. *Lang*, 187 Mich. 286; 26 C. J. 1184, § 93.

Whether the financial statement of July 31, 1931, was false in fact was the issue at the trial. The authorities uniformly hold that when fraud is alleged great latitude is permitted in the introduction of evidence either to prove or disprove this allegation. Fraud is seldom committed openly and is very difficult to prove by direct evidence. From the very nature of the charge, evidence is admitted with reasonable liberality in order to show from a given course of action or a contrast of circumstances the real intent and purpose of the transaction. Subsequent representations and facts relating to the same subject-matter are admissible to determine the true situation between the parties. 27 C. J. 30, 52-55; *Wilcox* v. *Downing*, 88 Conn. 368; *Harris* v. *Saunders*, 194 Pac. 533; *Krolik* v. *Lang*, *supra*.

In this case the testimony of the defendant's assignee standing alone might be remote. But when we consider his evidence in connection with the manner in which and the persons by whom the defendant's business was carried

on, her own individual conduct in preparing the financial statements of July, 1931, and February, 1932, and the fact that no books were ever kept, although on two occasions she had stated over her own signature that they were kept, the testimony of the assignee as to what he found when he took over the defendant's business becomes not only pertinent but necessary. The admission of such evidence, if it throws light upon facts peculiarly within the knowledge of a defendant, rests within the discretion of the trial justice and, unless there is an abuse of such discretion, no exception to its admission can be sustained. We find no abuse of discretion in this case.

The defendant's claim that the plaintiff should not prevail because of its own negligence in failing to investigate the representations of her financial ability made by her in the statement of July, 1931, is without merit. Written affirmations of financial standing for the purpose of securing credit are important and frequent incidents of modern business. Minute investigations of such representations are impracticable, burdensome and frequently impossible. As far back as 1862, AMES, C. J., in *Bank of North America* v. *Sturdy & Co.*, 7 R. I. 109, at page 114, says: "Cases may be found to the point, that deceit will not lie for a false affirmation, when he who sustains damage from it might, by ordinary vigilance and attention, have ascertained that the statement upon which he acted was false. But these cases do not apply to affirmations of facts, as in this case, peculiarly, if not exclusively, within the knowledge of the defendants . . ." This sound doctrine, which was true in those days, finds greater and more frequent application in the complex industrial and commercial life of our own time. The defendant in this case cannot escape liability because the plaintiff relied upon representations of fact which she had personally made in writing and which the trial justice found to have been untrue.

An examination of the record as a whole satisfies us that the defendant has no legal cause to complain.

The defendant's exceptions are overruled and the case is remitted to the superior court for the entry of judgment on the decision.

*Max Winograd, William J. Carlos, Joseph Goodman, Irving Winograd,* for plaintiff.

*Morris Berick,* for defendant.