TOMÁS MARTÍ, Plaintiff and Appellee, v. PASCUAL HERNÁNDEZ DÍAZ ET AL., Defendants and Appellants.

No. 8269.   Argued December 2, 1940.—Decided December 20, 1940.

*Dubón & Ochoteco,* and *Otero Suro & Otero Suro* for appellants. *C. Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

The present appeal has been taken from a judgment of the District Court of San Juan, whereby the defendants-appellants were adjudged to pay to the plaintiff Martí the sum of $817 as damages caused by an attachment, together with costs and $100 as attorney's fees.

The plaintiff and appellee asks us to dismiss the appeal on the ground that the same is frivolous and has been taken for the purpose of delaying the execution of the judgment. Let us first state briefly the facts which the lower court held as proven: In September 1934, the appellant Pascual Hernández brought an action to recover from the appellee Tomás Martí the sum of $2,000 as damages caused to his reputation by reason of a complaint (*denuncia*) which Martí filed against him charging him with the crime of false personation. After furnishing a bond for $1,000, Hernández attached an establishment belonging to Martí, a savings account which the latter had in the bank, and an automobile. One month and twelve days after the attachment had been levied, the same was released by stipulation of the parties, Martí furnishing a bond in lieu thereof.

On February 17, 1936, the complaint of Hernández against Martí was dismissed after the case had been tried on the merits. Hernández took an appeal to this Supreme Court on March 19, 1936. On October 26 of the same year, and while the appeal was still pending, the District Court of San Juan, on motion of Hernández, decreed the dissolution of the attachment and ordered the cancellation of the bond by virtue of which the attachment had been issued. Martí was not served with notice of said proceedings. Subsequently, on November 5, 1938, this Supreme Court, on motion of Hernández, dismissed his appeal and thus the judgment dismissing his complaint against Martí became final (*firme*).

Seven months afterwards, on June 26, 1939, Martí filed a complaint against Hernández and the Maryland Casualty Company, the latter as surety, to recover damages which he alleged to have suffered by reason of the attachment of his property. The defendants in their answer specifically denied the essential averments of the complaint, and as special defenses they set up: (a) that the action was barred under section 1868 of the Civil Code, 1930 ed., in connection with section 1802 of the same code; and (b) that the defendant Hernández had acted without malice and on the advice of counsel as to the sufficiency of his cause of action.

The lower court dismissed both defenses. The plaintiff-appellant maintains that the frivolousness of these defenses is so manifest that the dismissal of the appeal lies.

Section 1802 of the Civil Code, 1930 ed., provides that "a person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done." Section 1868 of the same code provides a limitation period of one year for actions arising from the fault or negligence mentioned in section 1802; and section 1869 prescribes that "the time for the prescription of all kinds of actions, when there is no special provision to the contrary, shall be counted from the day in which they could have been instituted."

Could Martí have brought an action for damages prior to November 5, 1938, the date on which the appeal taken by Hernández in the main suit, in which the attachment causing the damages had been issued, was dismissed at his instance? Evidently not. From the moment that that appeal was taken until the same was dismissed on motion of the appellant, said appeal operated to suspend all the effects of the judgment rendered in favor of Martí; and any question as to the validity or wrongfulness of the attachment remained in abeyance until the determination of the pending appeal. The cause of action in favor of Martí to recover the damages caused to him by the attachment, could not accrue before the

judgment dismissing the complaint of Hernández against him had been affirmed. A reversal of said judgment would have established the validity of the attachment and deprived Martí of any right to claim damages. When the judgment in favor of Martí was affirmed, Hernández having voluntarily dismissed the appeal taken by him, at that moment and not before, the cause of action in favor of Martí arose. The one-year limitation period of the action brought must therefore be counted from November 5, 1938; and as the complaint was filed on June 26, 1939, the lower court did not err in holding that the action was not barred. See 5 Am. Jur. 193, sec. 988; 7 C.J.S. 352, sec. 172; *Serrallés* v. *Saurí*, 44 P.R.R. 390. *Rivera* v. *Merced*, 17 P.R.R. 228; *Goodyear Tire, etc., Co., Ltd.* v. *Brugueras*, 44 P.R.R. 600, 605; *Maxwell* v. *Griffith*, 54 Pac. 938; and *Hahn* v. *Seifert*, 31 N. W. 564.

October 26, 1936, the date on which the attachment was released at the instance of Hernández, was not and could not be the date from which the prescriptive period of one year for the action in favor of Martí must be computed. ■ The release of the attachment, on motion of the attachment creditor, two years after the same had been levied, could not have the effect of relieving him from any liability which he may have incurred by reason of the levy. The attachment defendant, however, could not bring an action for damages so long as the judgment rendered in his favor was pending review on appeal.

■■ The defense of prescription is manifestly frivolous. Similarly as to the one set up by Hernández, to the effect that in levying the attachment he acted without malice and on the advice of counsel regarding the sufficiency of his alleged cause of action. Malice is not a necessary element of the action which the statute grants in favor of a person whose property has been wrongfully attached, to recover for any damage sustained by such person in consequence of the attachment. All that the plaintiff in an action of this kind has to allege and prove is that his property has been attached;

that the action which had been brought against him and in which the attachment had been decreed terminated by a final judgment in his favor; and the damages suffered. See section 4 of the Act to secure the effectiveness of judgments of March 1, 1902 (Comp. Stat. 1911, secs. 5233–5250, Code of Civ. Proc., 1933 ed., pp. 97–103); 5 Am. Jur. 200, sec. 998; 7 C.J.S. 673, sec. 540, subd. (*e*).

For the stated reasons the appeal must be dismissed as frivolous and the judgment appealed from should be affirmed.