Anthony GUGLIELMI and
Julius Migliori.

v.

RHODE ISLAND HOSPITAL TRUST
FINANCIAL CORPORATION et al.

No. 89–112–Appeal.

Supreme Court of Rhode Island.

April 25, 1990.

Kevin P. Curry, Boston, Mass., William L. Bernstein, Greenville, for plaintiff.

Michael P. DeFanti, Stephen A. Rodio, Hinckley, Allen, Synder & Comen, Providence, for defendant.

## OPINION

KELLEHER, Justice.

This is an appeal from a decision of the Superior Court in which a trial justice granted a motion for summary judgment made by the defendants, Rhode Island Hospital Trust Financial Corporation and Rhode Island Hospital Trust Bank (Hospital Trust). In his decision the trial justice denied and dismissed each count of the complaint of the plaintiffs, Anthony Guglielmi (Guglielmi) and Julius Migliori (Migliori), and entered judgment on a counterclaim in favor of Hospital Trust in the amount of $242,297.16. A brief review of the facts underlying the present controversy is necessary.

In early May of 1985 plaintiffs, Guglielmi and Migliori, filed a complaint in Providence County Superior Court against Columbus National Bank of Rhode Island (Columbus National) and Hospital Trust, assignee and successor of Columbus National. In their complaint plaintiffs made numerous allegations concerning a land transfer. They asserted that Columbus National misrepresented the value of the property by indicating that the land was worth the full amount of the $875,000 note Guglielmi and Migliori had assumed. They also alleged that Columbus National had induced them to purchase the land by indicating that it was still holding as collateral 5,000 shares of Columbus National stock that had been pledged by the original borrower, Robert A. Barbato (Barbato), as part of the initial transaction between Barbato and Columbus National. Guglielmi and Migliori argued that without these representations, they would not have assumed the note.

Prior to the filing of the complaint, Guglielmi and Migliori had defaulted and entered into an agreement with Columbus National to refinance the note. At that time they signed a release of all claims

against Columbus National "in return for a novation and the introduction of funds from a Third Party." This agreement was made possible because a third party, Guglielmi's sister, stepped in and agreed to buy the land. In their complaint they alleged that this release was null and void because it was based upon their belief that the land comprised 17.8 acres when, in fact, it later became apparent that the land consisted of only 14.59 acres.[1] As a result Guglielmi and Migliori sought to rescind the release and to obtain money damages from Hospital Trust.

In September of 1985 Hospital Trust filed a counterclaim seeking payment due on a $175,000 promissory note that Guglielmi and Migliori had given as part of the refinancing arrangement. Thereafter, in June 1988, Hospital Trust filed a motion for summary judgment. This motion was heard in September of 1988.

At the hearing Hospital Trust conceded, for the purpose of its summary-judgment motion, that plaintiffs' version of events was true. At the conclusion of arguments the trial justice rendered his decision. Relying upon his conclusion that the release was valid, the trial justice granted Hospital Trust's motion for summary judgment on the complaint, and relying as well upon the undisputed fact that the $175,000 promissory note was overdue, he also granted summary judgment for Hospital Trust on its counterclaim. Guglielmi and Migliori now appeal from that decision, raising contentions similar to those argued below.

Guglielmi and Migliori contend that the release is not a bar to their action because (1) they were induced to sign it relying upon false representations made by Columbus National and (2) they were in fact damaged because they assumed a new $175,000 promissory note unnecessarily. They also assert that there was no valid consideration for the release.

Hospital Trust argues as follows: (1) there was valid consideration for the release; (2) Guglielmi and Migliori were well

versed and knowledgeable concerning the facts surrounding the release; and (3) they were represented by counsel during the negotiations and had consulted several attorneys prior to signing the release. Concerning the misrepresentation claim, Hospital Trust argues that the shortfall in acreage did not work to plaintiffs' detriment. Therefore, it argues, the trial justice's decision should be upheld.

In ascertaining whether a motion for summary judgment has been properly granted, this court must determine, after examining all the pleadings, affidavits, admissions, and other materials in the light most favorable to the nonmoving party, that there is no genuine issue of material fact. *Grissom v. Pawtucket Trust Co.*, 559 A.2d 1065, 1066 (R.I.1989). In light of the concessions made by Hospital Trust for the purposes of the motion, we find that there was no genuine issue of material fact. We must therefore determine whether Hospital Trust, as a matter of law, was entitled to entry of judgment. In so doing, we must determine the validity of the general release executed by Guglielmi and Migliori.

The law concerning this issue is well settled in this jurisdiction. The validity of a release must be determined in light of three factors: (1) the existence of consideration for the release, (2) the experience of the person executing the release, and (3) the question of whether the person executing the release was represented by counsel. Finding satisfactory answers to these questions, the court will find a release to be valid and binding unless it has been procured through fraud, misrepresentation, overreaching, or a material mistake on the part of either party. *See Bonniecrest Development Co. v. Carroll*, 478 A.2d 555, 559 (R.I.1984).

In *Pardey v. Boulevard Billiard Club*, 518 A.2d 1349 (R.I.1986), this court was asked to consider the validity of a release. We stated, "The element of stability necessary to support the settlement of contro-

---

1. The record is unclear concerning the precise acreage of the land. The trial justice and Hospital Trust refer to the property as comprising 14.59 acres. Guglielmi and Migliori contend that the land contains only 13 acres.

versies requires that we give significant deference to the terms of a general release until we have been furnished with an adequate reason to do otherwise." *Id.* at 1355.

The trial justice in the case at bar, cognizant of the law in this jurisdiction pertaining to releases, made findings concerning each of the elements cited above. He stated:

"In this case there is no question there is ample consideration for the release. There was a discharge of a mortgage so as to permit the refinancing or the bailout of a liability of $875,000. At the time the plaintiffs executed the release, they had all of the knowledge of the facts surrounding the release. They were represented by counsel and had consulted several attorneys before executing the release. * * * The bank received $700,000 in cash and a personal note and [released] by the plaintiffs were all causes of action against the bank. There was perfect consideration on both sides."

Having found satisfactory answers to those questions, he continued: "[T]he only [other avenues for upsetting] the release are namely fraud, misrepresentation, overreaching and a material mistake. With perhaps one exception, none of the above warrant the Court's concern. There appears to be no overreaching, no misrepresentation. The release itself was not fraudulently obtained." The one exception to which the trial justice referred centered on the acreage discrepancy. However, he concluded:

"[I]f one assumes that there is lost acreage, in order to be actionable because of a fraudulent misrepresentation * * * there must be detrimental reliance upon the representation. Otherwise, the plaintiff has no cause of action. The Court

believes under *Bonniecrest* and its progeny that the release is a bar to this action."

 We find that the trial justice's conclusions are well supported in the record. Hospital Trust, in reaching agreement with Guglielmi and Migliori, accepted less than a full cash payment—$700,000—and took back a personal, unsecured promissory note for $175,000 in satisfaction of the fully secured $875,000 note. We find this to constitute adequate consideration.[2]

Furthermore, as the record indicates, Guglielmi and Migliori consulted several attorneys concerning their situation with Hospital Trust prior to their signing the release. Also the record indicates that they were represented by an attorney throughout the negotiations with Hospital Trust.

 In addition the discrepancy in acreage is of no assistance to Guglielmi and Migliori in their claim. As this court indicated sixty-five years ago in *International Shoe Co. v. Berick*, 55 R.I. 333, 335, 181 A. 297, 298 (1935), fraudulent misrepresentation is not actionable unless such misrepresentations are "acted upon by the plaintiff to its detriment." The record indicates that Guglielmi and Migliori purchased the land under the belief that it contained 17.8 acres. In reality the parcel encompasses only 14.59 acres.[3] However, the land was sold as if it contained 17.8 acres, and the revelation concerning the actual size made no difference in any of the terms of the sale to Guglielmi's sister. The record therefore contains no indication of detrimental reliance.[4] Consequently we find the release to be valid and binding.

For these reasons we conclude that the trial justice's grant of the motion for sum-

---

2. We are also unpersuaded by plaintiffs' argument that they assumed the $175,000 note unnecessarily. They had defaulted on their original note, and were it not for the refinancing agreement, Hospital Trust would have foreclosed upon the note.

3. *See* footnote 1.

4. We are also unpersuaded by plaintiffs' contentions that Hospital Trust failed to apply the 5,000 shares of stock, which had allegedly been pledged as collateral, to their $875,000 debt and that the bank's agents falsely told them the stock was worthless. We have been unable to find any evidence in the record concerning the value of the stock or even concerning the question of

mary judgment was correct.[5] Accordingly the plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.

whether the stocks were in fact available to plaintiffs to be applied against the loan.

5. Furthermore the record reveals no factual issues in dispute regarding the $175,000 note. It

is clear that Guglielmi and Migliori are indebted to Hospital Trust by the terms of the note for $175,000, plus interest. Therefore, we find no error in the trial justice's decision pertaining to this issue.