Catherine McCLANAGHAN

v.

Gabriel COSTA.

No. 94–170–A.

Supreme Court of Rhode Island.

March 30, 1995.

Daniel McKiernan, Providence.

James Ruggieri, Providence.

ORDER

This matter came before a three member panel of this court on March 21, 1995 pursuant to an order directing the parties to appear and to show cause why the issues raised in the plaintiff's appeal should not be summarily decided. The plaintiff Catherine McClanaghan (Catherine) appeals the trial justice's granting of summary judgment in favor of the defendant Gabriel Costa (Costa).

On January 27, 1992, Daniel McClanaghan (Daniel), Catherine's husband, filed suit against Costa for damages incurred as a result of an automobile accident. Shortly thereafter, Daniel filed an uninsured motorist claim with his insurance company, Amica.

On September 9, 1992, Daniel settled his uninsured motorist claim with Amica and signed a general release that listed Amica, Costa and Costa's insurer, Allstate, as payors. The release stated that Daniel released and discharged the named payors from any and all liability associated with the automobile accident in consideration of $40,000.

On September 11, 1993, Daniel died and Catherine was substituted as party plaintiff. On November 22, 1993, Costa filed a motion for summary judgment contending that the general release signed by Daniel discharged any further claims against both Costa and his insurer, Allstate. The trial justice granted summary judgment in Costa's favor. Catherine now appeals.

In *Guglielmi v. R.I. Hospital Trust Financial Corporation*, 573 A.2d 687, 689 (R.I. 1990) we set forth the factors to determine the validity of a release: "(1) the existence of consideration for the release, (2) the experience of the person in executing the release, and (3) the question of whether the person executing the release was represented by counsel." On appeal, Catherine does not take issue with all of the above factors. Instead, she contends that both Daniel and Amica did not intend to release either Costa or Allstate from liability and that Costa and Allstate failed to provide consideration for the release.

Although Catherine contends that the intent of the parties in signing the release is controlling, this court has considered intent relevant only in the narrow circumstance of determining whether a boilerplate discharge is an effective release of unnamed persons who are not parties to the release. *Pardey v. Boulevard Billiard Club*, 518 A.2d 1349, 1354–55 (R.I.1986). With respect to Catherine's assertion that Costa and Allstate failed to provide the consideration for the release, we have stated that "consideration for a promise need not move from the promisee. It is sufficient if given by a third party." *Smith v. Pendleton*, 53 R.I. 79, 163 A. 738, 740 (1933); *see, Guglielmi*, 573 A.2d at 689 (requiring the mere existence of consideration for the release).

Consequently, after hearing the arguments of counsel and reviewing the memoranda submitted by the parties, it is the conclusion of this court that cause has not been shown. The plaintiff's appeal is therefore denied and dismissed, and the judgment appealed from is affirmed.

WEISBERGER, C.J., did not participate.